1  ADAM W. HANSEN, CA Bar No. 264241
   ahansen@nka.com
2  NICHOLS KASTER, LLP
   One Embarcadero Center, Suite 720
3  San Francisco, CA 94111
   Telephone:   (415) 277-7235
4  Facsimile:   (415) 277-7238

5  Attorneys for Plaintiff

6  *[Additional Counsel Listed On Stipulation]*

7  ELIZABETH L. MCKEEN (S.B. #216690)
   emckeen@omm.com
8  DANIELLE N. OAKLEY (S.B. #246295)
   doakley@omm.com
9  EDGAR H. MARTINEZ (S.B. #255503)
   emartinez@omm.com
10 O'MELVENY & MYERS LLP
   610 Newport Center Drive, 17th Floor
11 Newport Beach, California  92660-6429
   Telephone:   (949) 823-6900
12 Facsimile:   (949) 823-6994

13 Attorneys for Defendant
14 OneWest Bank N.A., also erroneously sued as
   IndyMac Mortgage Services

15

16                **UNITED STATES DISTRICT COURT**

17                **CENTRAL DISTRICT OF CALIFORNIA**

18

19 PETER MALONEY, individually        Case No. CV13-4781 DDP (AGRx)
   and on behalf of all others similarly
20 situated,                           **ORDER**

21                    Plaintiff,

22        v.

23 INDYMAC MORTGAGE
   SERVICES, ONEWEST BANK,
24 FSB,

25                    Defendants.

26

27

28

                                       ORDER APPROVING STIPULATED
                                              PROTECTIVE ORDER
                                           CV 13-4781 DDP (AGRx)

1

## <u>ORDER</u>

2

3          PURSUANT TO STIPULATION, IT IS ORDERED AS FOLLOWS:

4

5          On February 25, 2015, the Parties filed with the Court a Stipulated Protective

6    Order ("Stipulation").  After reviewing the Stipulation, the Court finds that there is

7    good cause to approve it.  The terms of the Stipulation are incorporated by

8    reference herein, and constitute the Protective Order of this Court.

9

10

11   Dated:  March 13, 2015

12                                                   _____
                                                     The Honorable Alicia G. Rosenberg
                                                     United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADAM W. HANSEN, CA Bar No. 264241
ahansen@nka.com
NICHOLS KASTER, LLP
One Embarcadero Center, Suite 720
San Francisco, CA 94111
Telephone:   (415) 277-7235
Facsimile:   (415) 277-7238

Attorneys for Plaintiff

*[Additional Counsel Listed On Signature Page]*

ELIZABETH L. MCKEEN (S.B. #216690)
emckeen@omm.com
DANIELLE N. OAKLEY (S.B. #246295)
doakley@omm.com
EDGAR H. MARTINEZ (S.B. #255503)
emartinez@omm.com
O'MELVENY & MYERS LLP
610 Newport Center Drive, 17th Floor
Newport Beach, California  92660-6429
Telephone:   (949) 823-6900
Facsimile:   (949) 823-6994

Attorneys for Defendant
OneWest Bank N.A., also erroneously sued as
IndyMac Mortgage Services

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER MALONEY, individually and on behalf of all others similarly situated, <br><br>                 Plaintiff, <br><br>      v. <br><br> INDYMAC MORTGAGE SERVICES, ONEWEST BANK, FSB, <br><br>                 Defendants. | Case No. CV13-4781 DDP (AGRx) <br><br> **STIPULATED PROTECTIVE ORDER** |

1  1. <u>GENERAL</u>

2  A. <u>PURPOSES AND LIMITATIONS</u>

3  Discovery in this action is likely to involve production of confidential,

4  proprietary, or private information for which special protection from public

5  disclosure and from use for any purpose other than prosecuting this litigation may

6  be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to

7  enter the following Stipulated Protective Order.

8  B. <u>GOOD CAUSE STATEMENT</u>

9  This action is likely to involve confidential personal information, trade

10  secrets and/or other valuable commercial, financial, technical and/or proprietary

11  information for which special protection from public disclosure and from use for

12  any purpose other than prosecution of this action may be warranted. Such

13  confidential and proprietary materials and information consist of, among other

14  things, confidential business or financial information, contractual agreements with

15  third parties, information regarding confidential business practices or procedures, or

16  other confidential research, development, or commercial information (including

17  information implicating privacy rights of third parties), information otherwise

18  generally unavailable to the public, or which may be privileged or otherwise

19  protected from disclosure under state or federal statutes, court rules, case decisions,

20  or common law.  Accordingly, to expedite the flow of information, to facilitate the

21  prompt resolution of disputes over confidentiality of discovery materials, to

22  adequately protect information the parties are entitled to keep confidential, to

23  address their handling at the end of the litigation, and serve the ends of justice, a

24  protective order for such information is justified in this matter.  It is the intent of the

25  parties that information will not be designated as confidential for tactical reasons

26  and that nothing be so designated without a good faith belief that it has been

27  maintained in a confidential, non-public manner, and there is good cause why it

28  should not be part of the public record of this case.

2. <u>DEFINITIONS</u>

2.1 **Action**: The above-captioned lawsuit, *i.e.*, *Peter Maloney v. IndyMac Mortgage Services, et al.*, No. CV 13-4781 DDP (AGRx) (C.D. Cal.).

2.2 **Challenging Party**: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 **"CONFIDENTIAL" Information or Items**: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 **Counsel**: Outside Counsel of Record and In-house Counsel (as well as their support staff).

2.5 **Designating Party**: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 **Disclosure or Discovery Material**: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 **Expert**: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8 **In-house Counsel**: attorneys who are employees of a party to this Action. In-house Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 **Non-Party**: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10 **Outside Counsel of Record**: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)

have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11 **Party**: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12 **Producing Party**: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13 **Professional Vendors**: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 **Protected Material**: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15 **Receiving Party**: a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action,

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)

1   with or without prejudice; and (2) final judgment herein after the completion and

2   exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

3   including the time limits for filing any motions or applications for extension of time

4   pursuant to applicable law.

5       5. DESIGNATING PROTECTED MATERIAL

6       5.1 Exercise of Restraint and Care in Designating Material for Protection.

7   Each Party or Non-Party that designates information or items for protection under

8   this Order must take care to limit any such designation to specific material that

9   qualifies under the appropriate standards.  If it comes to a Designating Party's

10  attention that information or items that it designated for protection do not qualify

11  for protection, that Designating Party must promptly notify all other Parties that it is

12  withdrawing the inapplicable designation.

13      5.2 Manner and Timing of Designations. Except as otherwise provided in this

14  Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

15  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

16  under this Order must be clearly so designated before the material is disclosed or

17  produced.

18      Designation in conformity with this Order requires:

19      (a) for information in documentary form (*e.g.*, paper or electronic documents,

20  but excluding transcripts of depositions or other pretrial or trial proceedings), that

21  the Producing Party affix at a minimum, the legend "CONFIDENTIAL"

22  (hereinafter "CONFIDENTIAL legend"), to each page that contains protected

23  material.

24      A Party or Non-Party that makes original documents available for inspection

25  need not designate them for protection until after the inspecting Party has indicated

26  which documents it would like copied and produced.  During the inspection and

27  before the designation, all of the material made available for inspection shall be

28  deemed "CONFIDENTIAL." After the inspecting Party has identified the

4

documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL legend" to each page that contains Protected Material.

(b) for testimony given in depositions, that the Designating Party identify the Disclosure or Discovery Material (i) on the record, before the close of the deposition, all protected testimony, or (ii) by making a designation in writing within twenty-one (21) days after counsel receives a copy of the final transcript of the deposition, with such designation provided to all counsel of record. All counsel of record shall treat the deposition transcripts as "CONFIDENTIAL" for the first twenty-one (21) days after receipt of such deposition transcripts.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL."

5.3 Inadvertent Failures to Designate. An inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must ensure that the material is treated in accordance with the provisions of this Order.

6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

6.2 Meet and Confer. The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq.*

6.3 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous designations or challenges, and those made for an

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)

improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the responsible party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-house Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), provided that (i) the

6

party engaging such expert(s) shall send a copy of the Acknowledgment and Agreement to Be Bound to the counsel for the opposing party within ten (10) days of execution, except that copies of the executed Acknowledgement and Agreement to Be Bound by undisclosed outside consultants or Experts may be kept on file and not exchanged, and (ii) if the party chooses an expert employed by one of the defendant's competitors, the party shall notify the defendant before disclosing any information designated "CONFIDENTIAL" to that expert and shall give the defendant the opportunity to move for a protective order preventing or limiting such disclosure;

(d) the court and its personnel;

(e) court reporters and their staff engaged for depositions or hearings in this Action;

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, third party witnesses and their attorneys to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information, unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions; and

(j) any other persons agreed to by the Parties.

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED</u>
<u>PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
<u>PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment

1  and Agreement to Be Bound" that is attached hereto as Exhibit A.

2      11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE</u>

3  <u>PROTECTED MATERIAL</u>

4      When a Producing Party gives notice to Receiving Parties that certain

5  inadvertently produced material is subject to a claim of privilege or other

6  protection, the obligations of the Receiving Parties are those set forth in Federal

7  Rule of Civil Procedure 26(b)(5)(B). Consistent with Federal Rule of Evidence 502,

8  if a party inadvertently produces or provides discovery that it believes is subject to

9  a claim of privilege or of protection as trial-preparation material, the inadvertent

10  production is not and will not be construed or deemed to be a general or specific

11  waiver or forfeiture of any such privilege, immunity, or work-production protection

12  that the Producing Party would otherwise be entitled to assert with respect to the

13  inadvertently disclosed information and its subject matter.  The Producing Party

14  making the claim may notify the Receiving Party in writing of the claim and the

15  basis for it (and should identify the document by bates number).  Within seven (7)

16  business days of receiving such notice, the Receiving Party must return, sequester,

17  or destroy the specified information and any copies it has; must not use or disclose

18  the information until the claim is resolved; and must take reasonable steps to

19  retrieve the information if the party disclosed it before being notified.  Within seven

20  (7) business days after giving such notice of inadvertent production, the Producing

21  Party will produce a privilege log specific to such documents to the Receiving

22  Party.  The Receiving Party may move the Court for an order that the material in

23  question is not protected from discovery by the asserted privilege or immunity, and

24  if the Receiving Party so moves the Court, the Producing Party shall provide the

25  Court with one copy of the allegedly privileged material for in-camera review in

26  connection with such motion.

27      12. <u>MISCELLANEOUS</u>

28      12.1 Right to Further Relief.  Nothing in this Order abridges the right of any

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)

1   person to seek its modification by the Court in the future.

2       12.2 Right to Assert Other Objections.  By stipulating to the entry of this

3   Protective Order no Party waives any right it otherwise would have to object to

4   disclosing or producing any information or item on any ground not addressed in

5   this Stipulated Protective Order.  Similarly, no Party waives any right to object on

6   any ground to use in evidence of any of the material covered by this Protective

7   Order.

8       12.3 Filing Protected Material.  A Party that seeks to file under seal any

9   Protected Material must comply with Civil Local Rule 79-5.

10      13. <u>FINAL DISPOSITION</u>

11      After the final disposition of this Action, as defined in paragraph 4, within 60

12  days of a written request by the Designating Party, each Receiving Party must

13  return all Protected Material to the Producing Party or destroy such material. As

14  used in this subdivision, "all Protected Material" includes all copies, abstracts,

15  compilations, summaries, and any other format reproducing or capturing any of the

16  Protected Material.  Whether the Protected Material is returned or destroyed, the

17  Receiving Party must submit a written certification to the Producing Party (and, if

18  not the same person or entity, to the Designating Party) by the 60-day deadline that

19  (1) identifies (by category, where appropriate) all the Protected Material that was

20  returned or destroyed and (2) affirms that the Receiving Party has not retained any

21  copies, abstracts, compilations, summaries or any other format reproducing or

22  capturing any of the Protected Material.

23      14. Any violation of this Order may be punished by any and all appropriate

24  measures including, without limitation, contempt proceedings and/or monetary

25  sanctions.

26

27

28

11

## **EXHIBIT A**

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *Peter Maloney v. IndyMac Mortgage Services, et al.*, No. CV 13-4781 DDP (AGRx) (C.D. Cal.).  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed:

_____

Printed name: _____

Signature: _____

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)

1    **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**:

2        Dated:  February 25, 2015            BERGER & MONTAGUE, P.C.

3                                             By:    /s/ Glen L. Abramson
4                                                    Glen L. Abramson

5                                             SHANON J. CARSON (PA Bar No. 85957*)
                                              scarson@bm.net
6                                             GLEN L. ABRAMSON (PA Bar No. 78522*)
                                              gabramson@bm.net
7                                             PATRICK F. MADDEN (PA Bar No. 309991*)
                                              pmadden@bm.net
8                                             *(admitted *pro hac vice*)
                                              BERGER & MONTAGUE, P.C.
9                                             1622 Locust Street
                                              Philadelphia, PA 19103
10                                            Telephone: (215) 875-4656
                                              Facsimile: (215) 875-4604

11                                            KAI RICHTER (MN Bar No. 0296545*)
                                              krichter@nka.com
12                                            MEGAN D. YELLE (MN Bar No. 0390870*)
                                              myelle@nka.com
13                                            *(admitted *pro hac vice*)
                                              NICHOLS KASTER, PLLP
14                                            80 South 8th Street, 4600 IDS Center
                                              Minneapolis, MN 55402
15                                            Telephone: (612) 256-3200
                                              Facsimile: (612) 215-6870
16

17                                            ADAM W. HANSEN, CA Bar No. 264241
                                              ahansen@nka.com
18                                            NICHOLS KASTER, LLP
                                              One Embarcadero Center, Suite 720
19                                            San Francisco, CA 94111
                                              Telephone: (415) 277-7235
20                                            Facsimile: (415) 277-7238

21                                            *Attorneys for Plaintiff and the Proposed Classes*

22        Dated:  February 25, 2015
23                                            ELIZABETH L. MCKEEN
                                              DANIELLE N. OAKLEY
24                                            EDGAR H. MARTINEZ
                                              O'MELVENY & MYERS LLP

25                                            By:    /s/ Elizabeth L. McKeen
                                                     Elizabeth L. McKeen
26
27                                            Attorneys for Defendant OneWest
                                              Bank N.A., also erroneously sued as IndyMac
28                                            Mortgage Services

                                      13            STIPULATED PROTECTIVE ORDER
                                                    CV 13-4781 DDP (AGRx)

1

<u>Attestation</u>

2

3      I hereby attest that the other signatories listed, on whose behalf the filing is

4  submitted, concur in the filing's content and have authorized the filing.

5

6      Dated:  February 25, 2015      O'Melveny & Myers LLP

7

8                                    By:   /s/ Elizabeth L. McKeen

9                                          Elizabeth L. McKeen

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER
CV 13-4781 DDP (AGRx)