O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETER MALONEY, individually and on behalf of all others similarly situated, | ) ) ) | Case No. CV 13-04781 DDP (AGRx) |
| | ) ) | **ORDER TO SHOW CAUSE RE: PREEMPTION** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| INDYMAC MORTGAGE SERVICES, ONEWEST BANK FSB, | ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

This court's Order Granting Defendant One West Bank FSB's Motion to Dismiss, in part, and denying the motion, in part concluded that Plaintiff's claims are not pre-empted by the National Bank Act ("NBA"). (Dkt. 61 at 10-11.) The parties' briefing and argument, as well as the court's discussion, centered on the effect, rather than the applicability, of the NBA, as opposed to the Home Owners' Loan Act ("HOLA").

Subsequently, this court addressed motions to dismiss in a related case, Meyer v. OneWest Bank F.S.B., No. CV 14-5996 DDP. (Meyer, Dkt. 94). There, the parties disputed whether HOLA or the

NBA applied to claims similar to those brought in this case. This court's Order regarding the <u>Meyer</u> motions concluded that HOLA applied, and preempted the plaintiff's claims.[1] (<u>Meyer</u>, Dkt. 94 at 4-8.)

Though not addressed at length by the parties in this case, it appears to the court that, as in <u>Meyer</u>, the agreement at issue here was entered into prior to the enactment of the Dodd-Frank Act. The parties are therefore ordered to submit cross-briefs, not to exceed ten pages, discussing whether HOLA or the NBA applies to Plaintiff's claims in this case. The briefs should <u>not</u> discuss or re-argue the preemptive effect of HOLA or the NBA, as such issues have already been addressed by this court's orders in <u>Meyer</u> and this case, respectively.

The parties shall each file their briefs within fourteen days of the date of this Order. Parties should also deliver a courtesy copy to chambers, Room 244-J, Second Floor, 312 N. Spring Street, Los Angeles. Should the court determine that some or all of Plaintiff's claims are preempted, those claims will be dismissed.

IT IS SO ORDERED.

Dated: April 2, 2015

DEAN D. PREGERSON
United States District Judge

---

[1] The <u>Meyer</u> Order also referred to this case by name. (<u>Meyer</u> Dkt. 94 at 3-4.)